IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABRAHAM GRANT                                                                          PETITIONER

v.                                    5:05CV00058 JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                             RESPONDENT

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal from the judgment entered in this case. By an order and judgment entered on October 3, 2005, this Court dismissed Petitioner's petition for writ of habeas corpus, finding that his claim that he was denied the right to speedy trial, his claim that the jury was unfair, and his claim that counsel was ineffective and had a conflict of interest were procedurally barred. The Court found that Petitioner's claim that there was insufficient evidence to support his convictions was without merit. With respect to his claims that witnesses made conflicting statements and that Captain David Lovell changed his statement on the stand under oath, the Court found that Petitioner had not alleged facts indicating that his constitutional rights were violated or facts pointing to the real possibility of constitutional error.

Where an applicant files a notice of appeal in a proceeding in which the

detention complained of arises from process issued by a state court, the district court must either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b)(1); Slack v. McDaniel, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. at 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds without reaching the underlying merits of the constitutional claim, a petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added); Khairmov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002). In making his two part inquiry, a court may proceed first "to resolve the issue whose answer is more apparent from the record and arguments. Slack, 529 U.S. at 485. A certificate of appealability must identify each issue meeting the "substantial showing" standard. 28 U.S.C. §

2253(c)(3); <u>Hunter v. Bowersox</u>, 172 F.3d 1016, 1020 (8th Cir. 1999).

Petitioner has not identified each issue meeting the substantial showing standard, and he has not shown that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  Furthermore, Petitioner has not demonstrated that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Accordingly, the Court finds that a certificate of appealability should not issue.

IT IS SO ORDERED this 1st day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE